Filing # 122178294 E-Filed 02/26/2021 04:18:34 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Carmela Salamone</u>
Plaintiff

Case # _____
Judge   _____

vs.
<u>Costco Wholesale Corporation</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*Composite Exhibit "A"*

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   1

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jessica Ariel Orenstein Esq.　　　Fla. Bar # 127182
            Attorney or party　　　　　　　　　　　(Bar # if attorney)

Jessica Ariel Orenstein Esq.　　　　　　　02/26/2021
  (type or print name)　　　　　　　　　　　Date

Filing # 122178294 E-Filed 02/26/2021 04:18:34 PM

**In the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida**

**Carmela Salamone,**                          **CASE NO.:**

      Plaintiff,

v.

**Costco Wholesale Corporation,**

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, Carmela Salamone (hereinafter referred to as "Plaintiff"), by and through the undersigned attorneys, and hereby sues the Defendant, Costco Wholesale Corporation (hereinafter referred to as "Defendant"), and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interest. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida and was and is *sui juris*.

1

3. At all times material hereto, the Defendant was a business registered to operate in the state of Florida and maintained a property for the regular transaction of its business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant was in exclusive possession, custody, and control of the property located at 14800 Sole Mia Way, North Miami, FL 33181.

5. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

6. Venue is proper in this Court as the Defendant conducts its business operations within Miami-Dade County, Florida and the incident giving rise to this action occurred in Miami-Dade County, Florida.

**FACTS GIVING RISE TO CAUSE OF ACTION**

7. On or about January 22, 2020, Plaintiff was a lawfully present business invitee on the Defendant's premises as indicated above. This premises was, at that time and continues to be, in the custody of, and operated by, the Defendant.

8. At that time and place, Plaintiff suddenly and without warning tripped over a rug in the flower aisle.

9. As a result of the fall, Plaintiff sustained bodily injury.

**COUNT I - PREMISES LIABILITY AS TO COSTCO WHOLESALE CORPORATION**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 9 above as though they had been set forth herein and further states:

10. At all times material hereto, the Defendant by and through its employees, agents, and assigns, had a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises

2

in a reasonably safe condition, and to protect Plaintiff from dangers or defects about which the Defendant was or should have been aware, through the use of ordinary and reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

    a) Negligently failing to maintain or adequately maintain the flower aisle's flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

    c) Negligently failing to inspect or adequately inspect the flower aisle's flooring, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said flower aisle's area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flower aisle's flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

    e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flower aisle's flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flower aisle's flooring for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flower aisle's flooring for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flower aisle's flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises.

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises.

11. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CARMELA SALAMONE, demands judgment in her favor against the Defendant, COSTCO WHOLESALE CORPORATION, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CARMELA SALAMONE, demands trial by jury on all issues triable as of right by jury.

Dated this 26th day of February, 2021.

By: Jessica A. Orenstein, Esq.
Florida Bar Number: 127182
MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone: 786-598-5563
Facsimile: 786-598-5583
jorenstein@forthepeople.com
malsopp@forthepeople.com

Filing # 122211540 E-Filed 03/01/2021 09:47:54 AM

| X IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||
|---|---|---|
| **DIVISION**<br>X CIVIL ☒ OTHER<br>☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2021-004870-CA-01 |
| **PLAINTIFF(S)**<br><br>Carmela Salamone | **VS. DEFENDANT(S)**<br><br>Costco Wholesale Corporation | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): Costco Wholesale Corporation

By Serving Its Registered Agent:  C T Corporation System
1200 South Pine Island Road

Plantation, FL 33324

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Jessica A. Orenstein, Esq., Morgan & Morgan, P.A.

whose address is: 703 Waterford Way, Suite 1050, Miami, Florida 33126
(305) 929-1901

jorenstein@forthepeople.com; malsopp@forthepeople.com

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | | **DATE** |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16                                                                                                   Clerk's web address: www.miami-dadeclerk.com

Filing # 122327182 E-Filed 03/02/2021 01:17:42 PM

In the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida

**Carmela Salamone,**

    Plaintiff,

v.

**Costco Wholesale Corporation,**

    Defendant.

_____/

CASE NO.: 2021-004870-CA-01

### AMENDED COMPLAINT

COMES NOW, Plaintiff, Carmela Salamone (hereinafter referred to as "Plaintiff"), by and through the undersigned attorneys, and hereby sues the Defendant, Costco Wholesale Corporation (hereinafter referred to as "Defendant"), and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interest. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida and was and is *sui juris*.

3. At all times material hereto, the Defendant was a business registered to operate in the state of Florida and maintained a property for the regular transaction of its business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant was in exclusive possession, custody, and control of the property located at 14800 Sole Mia Way, North Miami, FL 33181.

5. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

6. Venue is proper in this Court as the Defendant conducts its business operations within Miami-Dade County, Florida and the incident giving rise to this action occurred in Miami-Dade County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

7. On or about January 22, 2020, Plaintiff was a lawfully present business invitee on the Defendant's premises as indicated above. This premises was, at that time and continues to be, in the custody of, and operated by, the Defendant.

8. At that time and place, Plaintiff suddenly and without warning tripped over a rug in the flower aisle.

9. As a result of the fall, Plaintiff sustained bodily injury.

## COUNT I - PREMISES LIABILITY AS TO COSTCO WHOLESALE CORPORATION

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 9 above as though they had been set forth herein and further states:

10. At all times material hereto, the Defendant by and through its employees, agents, and assigns, had a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises

in a reasonably safe condition, and to protect Plaintiff from dangers or defects about which the Defendant was or should have been aware, through the use of ordinary and reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently failing to maintain or adequately maintain the flower aisle's flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

c) Negligently failing to inspect or adequately inspect the flower aisle's flooring, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said flower aisle's area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the flower aisle's flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flower aisle's flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

3

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flower aisle's flooring for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the flower aisle's flooring for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the flower aisle's flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises.

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises.

11. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CARMELA SALAMONE, demands judgment in her favor against the Defendant, COSTCO WHOLESALE CORPORATION, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CARMELA SALAMONE, demands trial by jury on all issues triable as of right by jury.

Dated this 26th day of February, 2021.

>By: Jessica A. Orenstein, Esq.
>Florida Bar Number: 127182
>MORGAN & MORGAN, P.A.
>*Attorneys for Plaintiff*
>703 Waterford Way, Suite 1050
>Miami, FL 33126
>Telephone: 786-598-5563
>Facsimile: 786-598-5583
>jorenstein@forthepeople.com
>malsopp@forthepeople.com